BARBARA FLIPPIN KING v. ROBERT LEE MOORE and JOE WILLIE
MOORE.

(Filed 11 December 1963.)

Appeal by plaintiff from *Shaw, J.,* 25 March 1963 Civil Session of
Surry.

Civil action to recover damages for personal injuries allegedly caus-
ed by the actionable negligence of defendant Robert Lee Moore in the
operation of a family-purpose automobile owned by his father, the de-
fendant Joe Willie Moore, he, the said Robert Lee Moore at the time
residing in the home of his father as a member of his family.

Defendants filed a joint answer in which they admit that title to
the automobile, which was driven by Robert Lee Moore, was register-
ed in the name of Joe Willie Moore, and that he was driving the auto-
mobile at the time plaintiff was injured with the permission of his
father, but deny that Joe Willie Moore kept and maintained the auto-
mobile as a family-purpose automobile and that Robert Lee Moore
was negligent in the operation of the automobile. As a further defense
and bar to any recovery by plaintiff, defendants conditionally plead
contributory negligence of plaintiff in that after an all-night dance she
entered as a passenger an automobile driven by Robert Lee Moore,
when she well knew he had been drinking intoxicating liquor to the ex-
tent that his physical and mental ability to operate an automobile had
been substantially impaired, and further when she well knew he had
been without sleep for 36 hours, which also affected his ability to
drive; and that during the night he had been driving at speeds of 65
to 70 miles an hour without protest on her part; that she voluntarily
remained in his automobile while it was being so operated though she
had ample opportunity to get out of the automobile; that this condi-
tion of Robert Lee Moore and his driving at excessive speed were the
proximate causes of the automobile leaving the highway and of plain-
tiff's injuries, and that plaintiff's continuing under such circumstances
to ride in the automobile when she had ample opportunity to get out
was negligence on her part which proximately contributed to her in-
juries.

The parties offered evidence in support of the allegations in their
pleadings.

The following issues were submitted to the jury and answered as
shown:

"1. Was the plaintiff injured by reason of the negligence of the
defendant Robert Lee Moore, as alleged in the plaintiff's com-
plaint?

"ANSWER: Yes.

"2. Was the defendant Joe Willie Moore the owner of the 1955 Chevrolet automobile driven by the defendant Robert Lee Moore on June 18, 1961, which was involved in this collision; did he keep and maintain it for the use and convenience of members of his family; and was the defendant Robert Lee Moore operating the automobile at the time of the collision within the scope of such purpose?

"ANSWER: Yes.

"3. Did the plaintiff by her negligence contribute to her injuries?

"ANSWER: Yes.

"4. What amount of damages, if any, is the plaintiff entitled to recover of the defendants?

"ANSWER: ....................."

From a judgment that plaintiff recover nothing from defendants and taxing her with the costs, she appeals.

*Blalock & Swanson and C. Orville Light for plaintiff appellant.*
*Deal, Hutchins and Minor by John W. Minor for defendant appellees.*

PER CURIAM.  The jury, under application of well-settled principles of law, resolved the first two issues of fact in plaintiff's favor, and the third issue of fact against her. A careful examination of the assignments of error in respect to the admission of evidence and in respect to the charge, particularly as to the third issue, discloses no new questions or feature requiring extended discussion. Prejudicial error has not been made to appear. The verdict and judgment will be upheld.

No error.